Taylor M. Tieman (SBN 305269)
ttieman@consumerlawcenter.com
Krohn & Moss, Ltd.
1112 Ocean Drive, Suite 301
Manhattan Beach, CA 90266
Tel: (323) 988-2400
Fax: (866) 861-1390

Attorney for Plaintiff, DAISY HERMOSILLO

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION**

| | |
|---|---|
| DAISY HERMOSILLO, | Case No.: 5:17-cv-1258 |
| Plaintiff, | **COMPLAINT** |
| v. | **(Unlawful Debt Collection Practices)** |
| SYNCHRONY BANK, | |
| Defendant. | |

DAISY HERMOSILLO ("Plaintiff"), by her attorneys, KROHN & MOSS, LTD., alleges the following against SYNCHRONY BANK ("Defendant"):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Rosenthal Fair Debt Collection Practices Act ("Rosenthal"), Cal. Civ. Code §1788 *et seq*.

2. Count II of the Plaintiff's Complaint is based on Telephone Consumer Protection Act ("TCPA"), 28 U.S.C. §227 *et seq.*

///

///

///

- 1 -

PLAINTIFF'S COMPLAINT

## JURISDICTION AND VENUE

3. Jurisdiction of this court over Count II of Plaintiff's Complaint arises pursuant to 15 U.S.C. § 1331 and 28 U.S.C. § 1367 grants this court supplemental jurisdiction over the state claims contained in Count I.

4. Defendant conducts business in the State of California thereby establishing personal jurisdiction.

5. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

## PARTIES

6. Plaintiff is a natural person residing in Hesperia, California.

7. Plaintiff is a consumer or debtor and allegedly owes a debt as that term is defined by Cal. Civ. Code § 1788.2(d)-(e).

8. Defendant is a business entity with a business office in Kettering, Ohio.

9. Defendant is a debt collector as that term is defined by Cal. Civ. Code §1788.2(c), and sought to collect a consumer debt from Plaintiff.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. Plaintiff acquired a credit card from Defendant which was used for personal, family, and household purposes.

12. Defendant placed calls to telephone number ███████, which is Plaintiff's cellular telephone.

13. Upon information and belief based on the frequency, number, nature, and character of these calls, Defendant placed each of its calls to Plaintiff using an automatic telephone dialing system or other equipment that hast the capacity to store and/or produce telephone numbers.

14. The purpose of these calls was to collect funds from Plaintiff for purchased arising from the credit card.

15. On or around September 14, 2016, Plaintiff instructed Defendant to stop calling her cell phone number.

16. Defendant continued to call Plaintiff's cell phone.

17. Since September, 2016, Defendant called Plaintiff's cell phone at least one hundred three (103) times.

18. Plaintiff is annoyed and feels harassed by Defendant's calls.

19. Defendant placed these calls voluntarily.

20. Defendant placed these calls under its own free will.

21. Defendant had knowledge that it was using an automatic telephone dialing system to place these calls.

22. Defendant intended to use an automatic telephone dialing system to place these calls.

**COUNT I**
**DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

23. Defendant violated the Rosenthal based on the following:

    a. Defendant violated the § 1788.11(d) of the Rosenthal by causing Plaintiff's telephone to ring repeatedly or continuously to annoy the person called.

    b. Defendant violated § 1788.11(e) of the RFDCPA by communicating, by telephone, with the debtor with such frequency as to be unreasonable and to constitute an harassment to the debtor under the circumstances

    c. Defendant violated the §1788.17 of the Rosenthal by continuously failing to comply with the statutory regulations contained within the FDCPA, 15 U.S.C. § 1692 *et seq*. to wit: Sections 1692d.

WHEREFORE, Plaintiff, DAISY HERMOSILLO, respectfully requests judgment be entered against Defendant, SYNCHRONY BANK for the following:

2. Statutory damages of $1000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788.30(b),

3. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ Code § 1788.30(c), and

4. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

5. Defendant's actions alleged supra constitute numerous negligent violations of the TCPA, entitling Plaintiff to an award of $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B).

6. Defendant's actions alleged supra constitute numerous and multiple knowing and/or willful violates of the TCPA, entitling Plaintiff to an award of $1500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, DAISY HERMOSILLO, respectfully requests judgment be entered against Defendant, SYNCHRONY BANK for the following:

7. Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B);

8. Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(b) and 47 U.S.C. § (b)(3)(C);

9. All court costs, witness fees and other fees incurred; and

10. Any other relief that this Honorable Court deems appropriate.

///

PLAINTIFF'S COMPLAINT

Dated: June 23, 2017

RESPECTFULLY SUBMITTED,

KROHN & MOSS, LTD.

By: /s/ Taylor M. Tieman
Taylor M. Tieman
Krohn & Moss, Ltd.
1112 Ocean Drive, Suite 301
Manhattan Beach, CA 90266
Tel: (323) 988-2400
Fax: (866) 861-1390
ttieman@consumerlawcenter.com
Attorney for Plaintiff

PLAINTIFF'S COMPLAINT